```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CIRITO CORDERO,
                       Petitioner,        DECISION AND ORDER
                                          No. 1:15-cv-00383(JJM)(MAT)
     -vs-

CHRISTOPHER MILLER,

                       Respondent.
_____
```

## I.  Introduction

This is habeas corpus proceeding pursuant to 28 U.S.C. § 2254 commenced by *pro se* petitioner Cirito Cordero ("Petitioner"). On July 9, 2018, the Court adopted the Report and Recommendation of Magistrate Judge Jeremiah M. McCarthy recommending that Petitioner's request for a writ of habeas corpus be denied, and that no certificate of appealability should issue. The Court also denied Petitioner's requests for a stay, the appointment of counsel, the expansion of the record, and for discovery. Petitioner has now filed a pleading styled as an "Application for Reargument, Amendment, Reconsideration and Renewal Pursuant to Rules 50(b), 52(b), 59(a) and 59(e) of the Federal Rules of Civil Procedure, and/or For Local Rule 4l(b) Notice Relative to My Objections" (hereinafter, "motion for reconsideration"). Respondent has filed an affidavit in opposition, and Petitioner has filed a reply. For the reasons discussed below, the motion for reconsideration is denied.

## II. Standard of Review

As an initial matter, the Court addresses the proper standard of review for Petitioner's motion. Although he cites Rules 50(b) and 52(b) of the Federal Rules of Civil Procedure, the Court finds that neither of these rules are applicable to this matter. Rule 50(b) is inapplicable, as there has been no jury trial in this habeas proceeding. Rule 52(b) likewise is inapplicable because this matter was not tried on the facts without a jury or with an advisory jury in federal court. Petitioner also cites Rules 59(a) and 59(c) of the Federal Rules of Civil Procedure. Rule 59(a) does not apply because, again, there was no trial in this federal habeas proceeding. Rule 59(c) also does not apply because it pertains to a motion for a new trial under Rule 59(a), which, as previously stated, is inapplicable here.

However, the Court finds that Rule 59(e), which deals with motions to alter or amend the judgment, has applicability here. Petitioner, pursuant to the prison mailbox rule, filed his motion on August 3, 2018, within Rule 59(e)'s 28-day time period.[1] Therefore, the Court will evaluate Petitioner's motion pursuant to Rule 59(e).

"There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion

---

[1] Judgment dismissing the petition was entered on July 10, 2018. The 28-day period for filing a Rule 59(e) motion ended on Tuesday, August 7, 2018.

-2-

is necessary to correct manifest errors of law or fact upon which the judgment is based. . . . Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law." 11 FED. PRAC. & PROC. CIV., Grounds for Amendment or Alteration of Judgment, § 2810.1 (3d ed.) (footnotes omitted). The standard for granting a motion for reconsideration is "strict[,]" *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995), and such a motion "should not be granted where the moving party seeks solely to relitigate an issue already decided[.]" *Id.*

**III. Discussion**

Petitioner contends that the Court "summarily adopted" the report and recommendation without giving him an opportunity to file the objections "which the previous orders of this Court implicitly agreed could only be filed after the Stay and Abeyance application had been resolved." Motion for Reconsideration ("Mot.") (Docket No. 37), ¶ 22. Petitioner does not point to any specific orders, let alone any language in such orders, which could be read as "implicitly" stating that objections to the report and recommendation could only be filed after his stay motion had been resolved. This contention is unfounded on the present record.

Here, Judge McCarthy's report and recommendation was filed on May 4, 2017. Over the next year, Petitioner requested and received four (4) extensions of time to file objections to the report and recommendation, the last of which required him to file objections by December 14, 2017. Instead of filing objections, on December 14, 2017, Petitioner filed an amended petition, a motion for a stay, and a motion to appoint counsel (Docket Nos. 28). On February 12, 2018, he filed a motion for an extension of time to file a supplemental stay and abeyance motion (Docket No. 29). The Court (Arcara, D.J.) granted (Docket No. 30) Petitioner's request for an extension of time up to and including April 15, 2018, in which to file his supplemental stay and abeyance motion. Petitioner then filed a motion for an extension of time to file a supplemental stay and abeyance motion, which this Court granted on April 16, 2018 (Docket No. 34). Petitioner was given until May 31, 2018, to file his supplemental stay application.[2]

Neither a supplemental stay application nor objections to the report and recommendations were filed before July 9, 2018, the date of this Court's decision and order. Petitioner cites no authority for his assertion that, in its July 9, 2018 decision and order (Docket No. 35), "the Court failed to give [him] the required

---

[2] Respondent indicates (Docket No. 39) that Petitioner filed four motions between April 16, 2018, and May 31, 2018; however, there are no motions on the docket during that time period.

notice, under Local Rule 41(b), to have [his] objections to Magistrate McCarthy's Report and Recommendation within 30 days of the denial of [his] stay and abeyance application." Mot. ¶ 22. Petitioner was given ample extensions of time, spanning over a year-long period, to file objections to the report and recommendations, but he did not do so. And, after his last extension of time to file objections had expired, he never requested an additional extension of time. His assertion in his stay motion that he required a stay in order to file meaningful objections did not suffice and, in any event, was legally and factually without basis.

**IV. Conclusion**

For the foregoing reasons, Petitioner's "Application for Reargument, Amendment, Reconsideration and Renewal Pursuant to Rules 50(b), 52(b), 59(a) and 59(e) of the Federal Rules of Civil Procedure, and/or For Local Rule 4l(b) Notice Relative to My Objections" is **denied**. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith. Therefore,

leave to proceed *in forma pauperis* on appeal is **denied.**

**IT IS SO ORDERED.**

**s/ Michael A. Telesca**

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: October    , 2018
       Rochester, New York