```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CIRITO CORDERO,

                         Petitioner,         **DECISION AND ORDER**
                                             **No. 1:15-cv-00383(JJM)(MAT)**
     -vs-

CHRISTOPHER MILLER,

                         Respondent.
_____
```

## I. Introduction

This is a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 commenced by *pro se* petitioner Cirito Cordero ("Petitioner"). On July 9, 2018, the Court adopted the Report and Recommendation ("R&R") of Magistrate Judge Jeremiah M. McCarthy recommending that Petitioner's request for a writ of habeas corpus be denied, and that no certificate of appealability should issue. The Court accordingly dismissed the Petition. In addition, the Court denied Petitioner's requests for a stay, appointment of counsel, expansion of the record, and permission to conduct discovery.

Petitioner then filed a pleading styled as an "Application for Reargument, Amendment, Reconsideration and Renewal Pursuant to Rules 50(b), 52(b), 59(a) and 59(e) of the Federal Rules of Civil Procedure, and/or For Local Rule 41(b) Notice Relative to My Objections" (hereinafter, "Motion for Reconsideration"). The Court issued a Decision and Order denying the motion for reconsideration on October 5, 2018.

On October 18, 2018, Petitioner filed a pleading captioned as a "Rule 60 Motion" (Docket No. 44), although he does not specify under which subsection of Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") his application is brought. Respondent filed an Affidavit in opposition to the Rule 60(b) Motion, and Petitioner filed a Reply.

While the Rule 60 Motion was pending, Petitioner filed a motion for a certificate of appealability in the United States Court of Appeals for the Second Circuit with regard to the Court's Decision and Order dismissing his Petition and the Court's Decision and Order denying his Motion for Reconsideration. In a Summary Order dated May 23, 2019, the Second Circuit declined to issue a certificate of appealability because Petitioner had not made a substantial showing of the denial of a constitutional right.

For the reasons discussed below, the Rule 60(b) Motion is denied.

## II. Standard of Review

Rule 60(b) allows a party to seek relief from a final judgment on certain enumerated grounds: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; the judgment is void; or the judgment has been satisfied. FED. R. CIV. P. 60(b)(1)-(5). Rule 60(b) also has a so-called "catch-all" provision, subsection (6), which allows vacatur for "any other reason that justifies relief. . . ." FED. R. CIV. P. 60(b)(6).

A motion to reopen a habeas proceeding under Rule 60(b) is permissible where it "relates to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial." *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001); *see also Gonzalez v. Crosby,* 545 U.S. 524, 538 (2005) ("We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction."). Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision. *See Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (stating that a Rule 60(b) application "cannot serve as an attempt to relitigate the merits") (citations omitted).

**III. Discussion**

Petitioner's complaints about this Court's previous Decision and Order may be summarized as follows: (1) the Court erred in finding that Petitioner never requested an additional extension of time to file objections to the R&R; (2) the Court erroneously stated that he failed to cite any authority requiring the Court to warn him that his extensions and failure to file objections could result in dismissal of the Petition; and (3) the Court erred in rejecting, as without legal or factual basis, his claim that he could not file objections to the R&R because he had not yet obtained copies of the victim's medical records. Thus, Petitioner is attempting to reargue the merits of the Court's previous

Decisions and Orders, which is impermissible in the context of a Rule 60(b) Motion. *E.g., Fleming*, 865 F.2d at 484.

Under a generous interpretation of Petitioner's Rule 60(b) Motion, the Court finds that he is suggesting the Court's "mistakes" of law and fact entitle him to relief under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(b)(1) (providing for vacatur due to "mistake, inadvertence, surprise, or excusable neglect"). "Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment." *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999) (citing *Fetik v. New York Law School*, 97 Civ. 7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999) (declining to provide relief under Rule 60(b)(1) where movant did not show "any material issue of fact or law overlooked by the Court")). "Rule 60(b)(1) will not provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting *Matura*, 189 F.R.D. at 9). As discussed further below, the Court's previous findings do not constitute the type of "mistake" contemplated by Rule 60(b)(1). Petitioner's Rule 60(b) Motion asks the Court to "reconsider issues already examined simply because Petitioner is dissatisfied with the outcome of his case." *Matura*, 189 F.R.D. at 90. While a court generally should not entertain such a motion, because it "would be a waste of judicial

resources," *id.*, the Court, in light of Petitioner's *pro se* status, has re-analyzed his arguments.

The Court turns first to Petitioner's contention that he did in fact request an additional extensions of time to file objections to the R&R, beyond the four extensions he did receive (which totaled over one year). Contrary to Petitioner's assertion, his exhibits prove that he did not request additional extensions of time to file objections after the deadline of December 14, 2017, passed. Instead, Petitioner filed other motions in this Court and in the State courts. The Court adheres to its prior ruling on this point.

Next, Petitioner notes that he cited *Lucas v. Miles*, 84 F.3d 532 (2d Cir. 1996), for the proposition that the Court was required to advise him that his Petition was subject to dismissal for failure to timely file objections. As Respondent points out, Petitioner has misread *Lucas*, which held that a district court abused its discretion in *sua sponte* dismissing with prejudice a *pro se* litigant's tardily-filed supplemental complaint. The Circuit noted that there was no showing of any prejudice to the opposing parties caused by the litigant's delay and held that the district court should have given the litigant prior warning that an unauthorized delay in filing might result in dismissal. *Id.* at 535-36. Here, the Petition was not dismissed pursuant to Rule 41(b); rather, it was dismissed because, as Judge McCarthy correctly found, it was wholly without merit.

Petitioner lastly argues that this Court erred in rejecting, as legally and factually baseless, his contention that he needed a stay in order to obtain the victim's medical records before he could file his objections to the R&R. Petitioner asserts that he needed the victim's medical records to show "the contributory nature of the medical personnel to the injuries which caused [his] offense to be raised from a B felony to an A-ii [sic] felony offense." Petitioner states that Judge McCarthy recommended that the habeas petition be dismissed "based on the medical testimony of Dr. Bass and Nurse Kelly, who [Judge McCarthy] said established that the medical evidence was legally sufficient to find [Petitioner] guilty of the enhanced [sic] Penal Law § 130.96." According to Petitioner, "in order for [him] to rebut this claim, [he] needed the medical records to show the contributory nature of Nurse Kelly's two enemas (which she never should have given and which exasperated [sic] the complainant's condition), and Dr. Bass' [b]otched colonoscopy (which she put on backwards)." Petitioner complains that "the district attorney has refused to give [him] even a redacted copy of the medical records," which thereby necessitated his request for a stay of the proceeding. As discussed further below, the medical records were not necessary for Petitioner to adequately assert objections to the R&R.

The Court begins by observing that Petitioner was charged in a single-count indictment with Predatory Sexual Assault Against a Child (N.Y. Penal Law § 130.96). As relevant to this case, "a

defendant commits the crime of predatory sexual assault against a child under [N.Y. Penal Law §] 130.96 when, being 18 years old or more, he or she commits the crime of aggravated sexual abuse in the first degree and the victim is less than 13 years old." *People v. Cordero*, 110 A.D.3d 1468, 1469, 972 N.Y.S.2d 787 (4th Dep't 2013). A defendant in turn "is guilty of aggravated sexual abuse in the first degree when 'he or she inserts a foreign object in the . . . rectum or anus of another person causing physical injury to such person . . . [w]hen the other person is less than [11] years old[.]'" *Id.* (quoting N.Y. Penal Law § 130.70 [1][c]; ellipsis and brackets in original).[1]

At trial, the 6 year-old victim ("D.") testified that Petitioner inserted the handle of a fork 6 centimeters into the his anus, in order to punish him for having slept with a stuffed animal. The victim's 9 year-old brother, "A.," did not see the assault, as he was in his own bedroom. However, A. did hear the victim scream very loudly. A. then saw Petitioner, who appeared angry, walk out of the victim's bedroom and go into the kitchen where he started washing feces off of his hands. Petitioner did not allow A. into D.'s room to check on him but, even from outside the room, A. observed the victim crying and naked in his room and also saw that there was fecal matter on his clothing.

---

[1] It is undisputed that Petitioner was over the age of 18 at the time of the incident, and that the victim was under the age of 11. Aggravated sexual abuse in the first degree is a class B felony. *See* N.Y. Penal Law § 130.70. Predatory sexual assault against a child is a class A-II felony.

Petitioner then brought A. and D., who was crying and in obvious pain, to school. A bus aide immediately escorted D. to the school nurse who observed him to be curled into a fetal position with an elevated heart rate, diminished bowel sounds, and "surgical belly," a medical term for an overly rigid abdomen. The victim was brought to the hospital where a CT scan revealed that his bowel had been perforated. Dr. Kathryn Bass testified that the injury was recent inflicted within the previous 4 to 6 hours, and could not have been self-inflected or accidentally caused; nor could it have been caused by a person's finger. Dr. Bass stated that the victim would have died from the flow of toxins into his body if he had not undergone surgery to repair the perforated bowel and place a colostomy bag.

Petitioner appears to contend that but for the pre-surgery enemas performed by Nurse Karen Kelly at the hospital and complications of the surgery performed by Dr. Bass, he could not have been found guilty of the crime with which he was charged. "It is well settled that if 'felonious assault is operative as a cause of death [or injury], the causal co-operation of [even] erroneous surgical or medical treatment does not relieve the assailant from liability for homicide [or assault][.]'" *People v. Snow*, 79 A.D.3d 1252, 1253, 912 N.Y.S.2d 334, 336 (3d Dep't 2010) (quoting *People v. Kane*, 213 N.Y. 260, 270 (1915); citation omitted)). Here, the prosecution only was required to prove the victim sustained "physical injury" as the result of Petitioner having "insert[ed] a

foreign object in [his] . . . rectum or anus. . . ." N.Y. Penal law § 130.70[1][c]. Under New York Penal Law, "'[p]hysical injury' means impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00(9).

Even before the victim arrived at the hospital, there was ample proof, by way of A.'s testimony and the victim's testimony, of the requisite elements of the insertion of a foreign object into the victim's rectum which caused impairment of his physical condition and substantial pain. *See People v. Pierce*, 266 A.D.2d 721, 722, 698 N.Y.S.2d 753, 755 (3d Dep't 1999) (rejecting claim that prosecution failed to prove victim sustained physical injury as required by N.Y. Penal Law § 130.70; the victim testified, concerning the incident with the grease gun, that defendant "put a pump with water up my butt [and] [i]t hurt"; court found that "her subjective description of the pain was sufficient to establish that she sustained physical injury within the meaning of Penal Law § 10.00(9)") (citation omitted).

The CT scan, as interpreted by a medical expert (Dr. Bass), provided additional evidence establishing that a foreign object and not a human digit had been inserted into D.'s rectum and had perforated his bowel, causing dangerous toxins to escape into his body. Obviously, a perforated bowel qualifies as an impairment of the victim's physical condition sufficient to demonstrate "physical injury" under the statute. In other words, even before the surgery and the enemas which Petitioner claims were negligently performed,

-9-

there was substantial and compelling evidence that Petitioner committed all the elements of predatory sexual assault against a child. *See* N.Y. Penal Law §§ 130.96, 130.70. The victim's medical records would not have changed Judge McCarthy's recommendation; nor would they have altered this Court's analysis.

Petitioner is advised that a further motion for reconsideration or vacatur raising the same or similar arguments will be summarily denied without further explanation as "a waste of judicial resources." *Matura*, 189 F.R.D. at 90.

## IV. Conclusion

For the foregoing reasons, Petitioner's Rule 60(b) Motion (Docket No. 44) is **denied.** Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith. Therefore, leave to proceed *in forma pauperis* on appeal is **denied.**

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: July 30, 2019
Rochester, New York